# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 18-cv-61448-BLOOM/Valle

MICHAELLE LAMOTHE,

     Plaintiff,

v.

FREEDOM MORTGAGE CORP.,

     Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Freedom Mortgage Corp.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint, ECF No. [15] (the "Motion"). Plaintiff Michaelle Lamothe ("Plaintiff") filed a Response, ECF No. [22], to which Defendant filed a Reply, ECF No. [10]. The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

## I.     BACKGROUND

This case concerns alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), and its implementing regulation, 12 C.F.R. § 1024, *et seq.* ("Regulation X"). Specifically, Plaintiff filed the instant Complaint on June 27, 2018, seeking relief for Defendant's alleged failures to acknowledge Plaintiff's request for information ("RFI"), in violation of Regulation X § 1024.36(c), to timely and substantively respond to the RFI in violation of Regulation X § 1024.36(d)(2)(i), to timely respond to Plaintiff's Notice of Error ("NOE") in violation of Regulation X § 1024.35(e)(3)(c), and to conduct a reasonable

investigation upon notification of servicing errors in violation of Regulation X § 1024.35(e)(i)(B). Defendant moves to dismiss the Complaint with prejudice.

Plaintiff alleges that she executed a mortgage and note in favor of Defendant on March 7, 2017. Complaint, ECF No. [1] ¶ 16. On June 26, 2017, through counsel, Plaintiff sent Defendant a RFI, requesting information about the owner of Plaintiff's loan and payment history. *Id*. ¶ 17. According to Plaintiff, Defendant did not provide a timely acknowledgment or response to Plaintiff's request. *Id*. ¶¶ 25, 27-29. Thereafter, Plaintiff sent a NOE to Defendant on January 2, 2018, notifying Defendant that it failed to adequately and timely respond to her RFI, and requesting additional information regarding her loan. *Id*. ¶¶ 31-32. Once again, Defendant did not timely provide a written acknowledgment of the NOE. *Id*. ¶ 36. In addition, Plaintiff alleges that Defendant has had over one million consumer complaints made against it, which demonstrates that Defendant engages in a pattern and practice of mortgage servicing violations.

As a result of Defendant's actions, Plaintiff alleges that she has suffered great emotional distress caused by uncertainty that she may lose her home, in addition to incurring postage costs and legal fees for compiling and following up on the RFI and NOE. *Id*. ¶¶ 44-45.

Plaintiff asserts claims in eighteen (18) counts against Defendant for its alleged violations of Regulation X. In support of her claims, Plaintiff attaches to the Complaint a copy of the mortgage, the RFI, Defendant's RFI response, and Plaintiff's subsequent NOE. *See* ECF No. 1 at 20-64. Defendant seeks dismissal of the Complaint for failure to state a claim.

## II.    LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four

corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III.   ANALYSIS

Defendant advances four principal arguments for dismissal of the Complaint: 1) Plaintiff's letters did not trigger any obligations under RESPA because they were sent to the wrong address; 2) Plaintiff failed to comply with the notice and cure provisions in the mortgage, and therefore failed to satisfy a condition precedent to filing suit; 3) Defendant complied with its obligations under RESPA; and, 4) Plaintiff has not alleged any actual damages resulting from Defendant's alleged violations.  Overall, Defendant characterizes the Complaint as an attempt to manufacture a claim.

### A.  Plaintiff sent the RFI and NOE to the wrong address

Defendant first argues that neither Plaintiff's RFI nor NOE triggered any obligations under RESPA because they were sent to the wrong address.  Regulation X states, in pertinent part, that

> [a] servicer may, by written notice provided to a borrower, establish an address that a borrower must use to submit a notice of error in accordance with the procedures in this section.  The notice shall include a statement that the borrower must use the established address to assert an error.  If a servicer designates a specific address for receiving notices of error, the servicer shall designate the same address for receiving information requests pursuant to § 1024.36(b).

12 C.F.R. § 1024.35(c).  "Consequently, failure to send the Q[ualified] [W]ritten [R]equest to the designated address for receipt and handling of QWRs does not trigger the servicer's duties under RESPA."  *Basora v. JPMorgan Chase Bank*, 202F. Supp. 3d 1328, 1330 (S.D. Fla. 2016) (internal quotations and citation omitted).

In the instant case, Plaintiff sent the RFI dated June 28, 2017 to Defendant at P.O. Box 50248, *see* ECF No. [1] at 37, which Plaintiff alleges is the address designated by Defendant for receipt of NOEs. ECF No. [1] ¶ 19. Defendant contends that this address is incorrect because it transposes two of the P.O. Box digit numbers—and that the correct address is P.O. Box 50428, as clearly stated in its RFI response dated July 6, 2017, which was sent directly to Plaintiff. *See* ECF No. [15-1].[1]

Upon review, the Court finds that Defendant's argument is well-taken with respect to both the RFI and the NOE, because Plaintiff affirmatively alleges that the RFI was sent to Defendant at the address designated by Defendant, *see* ECF No. [1] ¶ 19. Plaintiff does not dispute that Defendant designated an address in its July 6, 2017 letter, nor does she dispute that she in fact sent the RFI and NOE to the incorrect address. Although Plaintiff attempts to clarify in her Response that at the time the RFI was sent, Defendant had not designated an address, the allegation in the Complaint contradicts this assertion, and Plaintiff may not amend her Complaint in response to a motion to dismiss. *See Moody v. Ascenda USA, Inc.*, No. 16-cv-60364-WPD, 2016 WL 4702681, at *5 (S.D. Fla. July 1, 2016) (acknowledging that "[t]he Eleventh Circuit has repeatedly held that plaintiffs cannot amend their complaint through a response to a motion to dismiss.") (internal quotations and citation omitted); *see also Tsavaris v. Pfizer, Inc.*, No. 1:15-cv-21826-KMM, 2016 WL 375008, at *3 (S.D. Fla. Feb. 1, 2016) ("A plaintiff, though, cannot amend the complaint in a response to a motion to dismiss, for a court's review on

---

[1] Typically, a Rule 12(b)(6) motion to dismiss must be decided without considering matters outside of or unattached to the complaint. *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002). Under certain circumstances though, a court may consider documents that are attached to a complaint, incorporated in the complaint by reference, or attached to a motion to dismiss without converting that motion into a motion for summary judgment. *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) (citation omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Specifically, the court may consider an extrinsic document if (1) it is central to a claim in the complaint and (2) its authenticity is unchallenged. *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1054 n.12 (11th Cir. 2015). Plaintiff does not dispute the authenticity of the documents attached to the Motion, which are central to her claim.

dismissal is limited to the four corners of the complaint.") (citation omitted). As a result, Plaintiff's claims in Counts I through VI are properly dismissed upon this basis alone. Because Plaintiff undisputedly sent the NOE to the wrong address after being provided with the correct designated address in writing, Counts IV-VI are dismissed with prejudice.

In addition, the Court finds that Count I with respect to the RFI should be dismissed with prejudice because, assuming Defendant's RESPA obligations were triggered following receipt of the RFI—which receipt Defendant does not dispute—Defendant complied with its RESPA obligations. Pursuant to Regulation X § 1024.36(c), Defendant was required to provide written acknowledgment of Plaintiff's RFI within five days of receipt. According to Plaintiff, Defendant received her RFI on July 3, 2017, and therefore, an acknowledgment was required by July 11, 2017.[2] As previously stated, Plaintiff does not dispute that Defendant sent a response directly to Plaintiff dated July 6, 2017, which plainly acknowledges receipt of Plaintiff's RFI, and was sent well within the five-day deadline required by Regulation X. *See* ECF No. [15-1]. As a result, Defendant timely acknowledged Plaintiff's RFI and Count I should be dismissed with prejudice.

**B. The notice and cure provision in the mortgage does not apply**

Defendant requests in addition that Plaintiff's remaining claims be dismissed with prejudice, arguing first that Plaintiff has failed to satisfy a condition precedent by failing to comply with the notice and cure provision contained in the mortgage.[3] Paragraph 19 of the mortgage states, in pertinent part, as follows:

> Neither Borrower nor Lender may commence, join, or be joined to
> any judicial action (as either an individual litigant or the member

---

[2] Plaintiff alleges that Defendant received her RFI on July 3, 2018, and acknowledgment was required by July 14, 2018. *See* ECF No. [1] ¶ 69. The Court assumes that Plaintiff stated these dates incorrectly as a result of miscalculation and scrivener's error.

[3] Plaintiff did not provide a substantive response to Defendant's argument; however, the Court addresses it because it informs the determination of whether Plaintiff should have the opportunity to amend.

> of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 14) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

ECF No. [1] at 32. In addition, the mortgage states that "[a]ll rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law[, which includes] all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final non-appealable judicial opinion." *Id*. at 21, § (I); 30, ¶ 15. Thus, Defendant argues, Plaintiff's correspondence requesting information and Defendant's responses arise under a duty owed under the mortgage.

In support of this argument, Defendant relies upon a number of cases in which plaintiffs' RESPA claims were dismissed for failure to comply with notice and cure provisions; however, upon review, the Court finds these cases to be inapposite or distinguishable. For example, in *Kurzban v. Specialized Loan Servicing, LLC*, No. 17-cv-20713-GAYLES/OTAZO-REYES, 2018 WL 1570370, at *2 (S.D. Fla. Mar. 30, 2018), the court determined that the notice and cure provisions applied to bar the plaintiff's claims because they arose out of the plaintiff's attempts to modify the mortgage and avoid foreclosure, and the defendant's default notice and alleged errors in the default amounts. Similarly, the court found that the notice and cure provision barred the plaintiff's claims in *Sandoval v. Wolfe*, No. 16-61856-CIV-DIMITROULEAS, 2017 WL 244111, at *2-3 (S.D. Fla. Mar. 10, 2017), because the terms of and duties under the mortgage provided the basis for the loan servicer to charge and recover the disputed fees from the plaintiff. *See also Sotomayor v. Deutsche Bank Nat'l Tr. Co.*, No. 0:15-cv-61972-WPD, 2016 WL

3163074 at * 2-3 (S.D. Fla. Feb. 5, 2016) (same); *Hill v. Nationstar Mortg. LLC*, No. 1560106-CIV, 2015 WL 44778061, at *3 (S.D. Fla. July 2, 2015) (same regarding TILA, FDCPA and FCCPA claims); *Charles v. Deutsche Bank Nat'l Tr. Co.*, No. No. 1:15-cv-21826-KMM, 2016 WL 950968, at *2 (S.D. Fla. Mar. 14, 2016) (same). Finally, in *Pierson v. Ocwen Loan Servicing, LLC*, No. 16-cv-62840-BLOOM/Valle, 2017 WL 634164, at *3 (S.D. Fla. Feb. 16, 2017), this Court found that the defendant cured the alleged RESPA violation and the claims should be dismissed, noting further that the notice and cure provision applied to the defendant even though as the loan servicer, defendant was not a party to the underlying contract.

Here, Plaintiff's claims do not arise as a result of a breach of any provision of the mortgage or a duty owed within the mortgage itself. Rather, Plaintiff's allegations relate exclusively to violations of RESPA. The Court does not agree that ¶ 15 of the mortgage, which subjects the rights and obligations under the mortgage to applicable law, necessarily encompasses claims based only upon violation of duties imposed by statute, because doing so would effectively insert a notice and cure provision that statutes such as RESPA otherwise do not contain. Thus, the Court reiterates that the notice and cure provision cannot apply where there are no allegations that the mortgage has been breached, for without a breach there is nothing for Defendant to cure. *Mills v. Select Portfolio Servicing, Inc.*, No. 18-cv-61012-BLOOM/Valle, 2018 WL 5113001, at *5 (S.D. Fla. Oct. 19, 2018); *see also Colon v. Nationstar Mortg., LLC*, No. 1:15-cv-22961-UU, 2015 WL 7422598, at * 2 (S.D. Fla. Nov. 17, 2015) (determining that the notice and cure provision did not apply to allegations that related exclusively to violation of the TCPA with no accompanying alleged breach of the mortgage).

Accordingly, the notice and cure provision does not apply to Counts II and III with respect to the RFI. Thus, the Court considers whether Plaintiff has sufficiently alleged damages.

### C. Plaintiff fails to adequately allege damages

Defendant argues that Plaintiff's claims should be dismissed with prejudice because she fails to allege actual damages from the complained-of conduct.

"The following damages are recoverable under RESPA for a section 2605 violation: '(A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.'" *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009), *aff'd*, 398 F. App'x 467 (11th Cir. 2010) (quoting 12 U.S.C. § 2605(f)(1)). "[D]amages are an essential element in pleading a RESPA claim." *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016). Therefore, in order to prevail upon a RESPA claim, a plaintiff must show (1) a failure to comply with a RESPA obligation, and (2) actual damages sustained by that failure to comply. *Id.* at 1244.

Plaintiff alleges that as a result of Defendant's actions, she suffered "great emotional distress driven by the fear and uncertainty about whether she will lose the Home," and incurred the cost of paper, postage and legal fees to compile and send the RFI and NOE in attempts to gain Defendant's compliance with its obligations under RESPA and Regulation X. However, the Eleventh Circuit has determined that "the cost of sending an initial request for information is not a cost to the borrower 'as a result of the failure' to comply with a RESPA obligation. *Baez v. Specialized Loan Servicing, LLC*, 709 F. App'x 979, 983 (11th Cir. 2017) (citation omitted). Thus, Plaintiff cannot recover for expenses incurred with respect to the RFI, since the RFI cannot be viewed to result from a failure to comply with a RESPA obligation, and the Court has already dismissed with prejudice Plaintiff's claims with respect to the NOE on other grounds. Moreover, assuming that Plaintiff's emotional distress damages are properly recoverable in a RESPA

action, there are no allegations in the Complaint that would lead to the plausible conclusion that Plaintiff was in default of her obligations under the mortgage or otherwise in danger of losing her home. Indeed, Plaintiff executed the mortgage in March, 2017, and sent the RFI a mere three months later. Plaintiff's alleged fear is belied by the payment history printout attached to the Complaint, which reflects that Plaintiff was making timely monthly payments and that her account was current. *See* ECF No. [1] at 61; *see also* Verification of Mortgage, ECF No. [15-4] at 44.

In addition, to the extent that Plaintiff seeks damages arising from a pattern and practice of Defendant, Plaintiff has failed to sufficiently allege such damages. In *Renfroe*, the Eleventh Circuit "observe[d] without ruling on the question, that the use of 'additional'" at § 2605(f)(1) "seems to indicate that a plaintiff cannot recover pattern-or-practice damages in the absence of actual damages." 822 F.3d at 1247 n.4. Furthermore, courts have interpreted the term "pattern or practice" in accordance with the usual meaning of the words, suggesting "a standard or routine way of operating." *McLean*, 595 F. Supp. 2d at 1365 (quoting *In re Maxwell*, 281 B.R. 101, 123 (Bankr. D. Mass. 2002)). Failure to respond to one, or even two qualified written requests does not amount to a "pattern or practice." *See id.*; *In re Tomasevic*, 273 B.R. 682 (Bankr. M.D. Fla. 2002). In *Renfroe*, the Eleventh Circuit held that statutory damages may be sufficiently pled where, in addition to the alleged RESPA violation against a plaintiff, the complaint alleges unrelated RESPA violations. 822 F.3d at 1247. While a plaintiff need not plead the "identities of other borrowers, the dates of the letters, and the specifics of their inquiries" to survive dismissal, *Iqbal* and *Twombly* still require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 570).

In this case, Plaintiff has alleged merely that "Freedom has had One Million Sixty Five Thousand Eight Hundred and Fifty-Four consumer complaints lodged against them nationally," in addition to the violations alleged as to Plaintiff's own mortgage. ECF No. [1] ¶¶ 46, 64. However, these allegations do not provide sufficient facts to plausibly allege an impermissible "standard or routine way of operating." *McLean*, 595 F. Supp. 2d at 1365.

Accordingly, Plaintiff's remaining claims with respect to the RFI (Counts II and III) fail because she has not alleged damages arising from Defendant's complained-of conduct.

**D. Counts VII through XVIII are improperly pled**

In Counts VII through XVIII, Plaintiff attempts to assert eleven additional claims for violations of Regulation X § 1024.36(d)(2)(i)(B), which Plaintiff sets forth in eight numbered paragraphs. These Counts violate Rule 10 of the Federal Rules of Civil Procedure. Rule 10(b) states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. [. . .] If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." In addition, these claims constitute improper shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."). Accordingly, Counts VII through XVIII are dismissed without prejudice, to the extent they are not foreclosed by the Court's previous analysis.

**IV.    CONCLUSION**

For the reasons set forth above, Defendant's Motion, **ECF No. [15]**, is **GRANTED**. Counts I, IV-VI in the Complaint, ECF No. [1], are dismissed with prejudice. Counts II, III, and VII-XVIII are dismissed without prejudice, and to the extent that Plaintiff may correct the

pleading deficiencies noted, Plaintiff may file an amended complaint, **on or before November 9, 2018**.

      **DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of October, 2018.

                              _____

                              **BETH BLOOM**
                              **UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record